**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0116-19T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JASHAWN HALLOWAY,

     Defendant-Appellant.

_____

Submitted November 18, 2020 – Decided February 1, 2021

Before Judges Alvarez and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Accusation No. 18-04-0319.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the briefs).

Robert J. Carrol, Acting Morris County Prosecutor, attorney for respondent (Tiffany M. Russo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jashawn Halloway appeals a June 27, 2019 Law Division order denying his post-conviction relief (PCR) petition based on ineffective assistance of counsel. We affirm.

Defendant was charged in April 2017 with multiple counts of drug distribution; he ultimately entered a guilty plea to an accusation charging him with second-degree conspiracy to possess a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:35-5(b)(2). The State initially offered defendant a plea offer of six years imprisonment subject to thirty months of parole ineligibility; he eventually accepted a reduced offer of six years in state prison. While the proceedings were pending in Morris County, defendant was admitted into Drug Court in Passaic County for an unrelated offense. State v. Meyer, 192 N.J. 421, 423 (2007) ("The New Jersey Judiciary created Drug Courts within the criminal part of the Superior Court, Law Division to address the unique problems and needs posed by non-violent, drug-dependent offenders.").

In the fall of 2017, defendant's attorney filed a notice of motion seeking his admission into Drug Court in Morris County. The team found him clinically eligible, but legally ineligible as a danger to the community. After the Drug

Court's initial rejection, defendant sought reconsideration as the judge had also denied his application. That motion was denied as well.

Defendant was sentenced on June 1, 2018, after the judge entertained defendant's lengthy oral argument in support of his application for admission into Drug Court. The State objected, not only because defendant was a persistent offender eligible for extended-term sentencing, but because his use, if any, was most likely recreational while the drugs he allegedly sold were not. The prosecutor's position was that defendant's statements regarding his drug dependency were likely exaggerated, and his prior criminal history and the pending charges established he was a danger to the community if sentenced to Drug Court. The judge then proceeded to sentence defendant to the agreed-upon six-year term. At no time did defendant state that his attorney had advised him that, regardless of the denial of his Drug Court application and of his two motions, he would nonetheless be sentenced to Drug Court.

In his PCR certification, defendant asserted his attorney had told him that he would be admitted to Drug Court if he entered a guilty plea. He also claimed his attorney had failed to review discovery with him and develop defenses to the charges. On the record, at the time the plea was accepted, defendant expressed

3

satisfaction not only with his attorney's services but with his familiarity with the State's proofs as well.

When defendant's plea was accepted by the court, the judge told defendant that only he, the judge, could grant defendant's application. He made clear to him that the plea agreement was to six years. At no time did defendant volunteer that his attorney had told him otherwise.

Now on appeal, defendant raises the following point:

POINT I

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF AND REMAND THE MATTER FOR AN EVIDENTIARY HEARING BECAUSE THE RECORD SUPPORTS THE DEFENDANT'S CONTENTION HE BELIEVED THE TRIAL COURT WOULD GRANT HIS APPLICATION FOR DRUG COURT.

We review de novo the court's decision not to hold an evidentiary hearing. State v. Harris, 181 N.J. 391, 421 (2004). "A petition for post-conviction relief is cognizable if based upon . . . [s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2. Such rights include the Sixth Amendment right to counsel, which the United States Supreme Court

has interpreted as the "right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). Ineffective assistance of counsel "claims are particularly suited for post-conviction review because they often cannot reasonably be raised in a prior proceeding." State v. Preciose, 129 N.J. 451, 460 (1992).

The standard for determining ineffective assistance of counsel has two prongs: "First, the defendant must show that counsel's performance was deficient . . . Second, the defendant must show that . . . counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. This test was adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 57-58 (1987).

To set aside a guilty plea on the basis of ineffective assistance of counsel, the courts use a modified version of the Strickland test that requires a defendant to "show that (i) counsel's assistance was not within the range of competence demanded of attorneys in criminal cases, and (ii) that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J.

A-0116-19T1

434, 456-57 (1994) (alterations in original) (internal quotations and citations omitted).

A defendant must make more than bald assertions that plea counsel was ineffective in order to establish a prima facie case. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Here, we have nothing more than defendant's unsupported assertions. In fact, his attorney made vigorous and repeated efforts to gain his client admission into the Morris County Drug Court program. Furthermore, as the judge who denied PCR said, the trial judge found defendant to be legally ineligible.

No genuine issue of fact has been created by defendant's contradiction of the record. See State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016). In this case, not only was defendant silent about his attorney's supposed off-the-record reassurances regarding Drug Court when he pled guilty, he expressed no dissatisfaction with the level of familiarity he had with the proofs against him. His attorney filed an application for Drug Court after he was rejected by the Morris County team, and then filed a motion for reconsideration. Defendant therefore knew he had negotiated a plea to state prison he was likely to receive.

The record calls into question the credibility of defendant's certification. Nothing in the record meets the first Strickland prong or the second. Defendant

A-0116-19T1

had a criminal history which included prior convictions and faced second-degree charges. Under the circumstances, a term of incarceration without a term of parole ineligibility was a favorable resolution of the charges against him. Thus, he has not demonstrated he would not have entered a guilty plea but for counsel's misrepresentations regarding Drug Court. Defendant's claims lack merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION